UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MARTINEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON DAVIS, Warden,<br><br>　　　　　Respondent. | Case No.: 1:13-CV-00811 GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

　　On May 20, 2013, Petitioner filed the instant petition for writ of habeas corpus. He challenges a parole suitability hearing held on September 22, 2011. He claims the evidence is insufficient to support the finding of the California Board of Parole Hearings ("Board") that Petitioner remains a present danger to society upon release. He further alleges the Board's decision to postpone his next hearing for seven (7) years pursuant to Cal. Penal Code § 3041.5, as modified by California's Proposition 9, the Victims' Bill of Rights Act of 2008 ("Marsy's Law"), violated his constitutional rights.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).  The Court will review the instant petition pursuant to its authority under Rule 4.

B.  Failure to State a Cognizable Ground for Relief

Petitioner's claims concern the decision of the California Board of Parole Hearings.  These claims are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011).  In Swarthout, the Supreme Court held that the federal habeas court's inquiry into whether a prisoner who has been denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)).  Petitioner does not contend he was denied these procedural due process guarantees, and in any case, the parole hearing transcript reflects that he was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision.  (See Petition, at 18-20, 56-61.)  According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862.  "The Constitution does not require more."  Greenholtz, 442 U.S. at 16.  Therefore, Petitioner's challenges to the Board's denial of parole and the California court decisions upholding the Board's denial fail to present cognizable federal claims for relief and must be dismissed.

Petitioner also contends that the Board violated his constitutional rights, presumably under the Ex Post Facto Clause, by invoking Marsy's Law and postponing his next hearing for seven (7) years. For a statute to violate the Ex Post Facto Clause, it must: (a) punish as a crime an act previously committed, which was innocent when done; (b) make more burdensome the punishment for a crime, after its commission; or (c) deprive one charged with crime of any defense available according to law at the time when the act was committed. See Collins v. Youngblood, 497 U.S. 37, 42 (1990); Beazell v. Ohio, 269 U.S. 167, 169–70 (1925). In this context, a retroactive procedural change violates the Ex Post Facto Clause only if it "creates a significant risk of prolonging [an inmate's] incarceration." Garner v. Jones, 529 U.S. 244, 251 (2000). A "speculative" or "attenuated possibility" of prolonging incarceration is insufficient to establish a violation of the Ex Post Facto Clause. Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 509 (1995).

In Morales, 514 U.S. at 509, the Supreme Court expressly rejected an Ex Post Facto challenge to a California statute that reduced the frequency of parole reconsideration hearings for prisoners convicted of multiple murders. Finding that the law "did not modify the statutory punishment imposed for any particular offenses," "alter the standards for determining either the initial date of parole eligibility or an inmate's suitability for parole," or "change the basic structure of California's parole law," the Supreme Court held that retroactive application of the statute did not create "a sufficient risk of increasing the measure of punishment attached to the covered crimes." See Garner, 529 U.S. at 250 (citing Morales, 514 U.S. 499). Similarly, Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," does not violate the Ex Post Facto Clause because its application does not modify the statutory punishment imposed for petitioner's commitment offense, nor does it alter the formula for earning sentence reduction credits or the standards for determining Petitioner's initial parole eligibility date or his suitability for parole. Further, it does not change the basic structure of California's parole law since the Board still must consider the same factors in determining parole suitability. See Cal.Penal Code § 3041(b) (as amended).

In addition, the Court notes that Cal. Penal Code § 3041.5 has been amended several times to allow for longer periods of time between parole suitability hearings, and Ex Post Facto challenges to those amendments have all been rejected. See, e.g., Morales, 514 U.S. at 509 (1981 amendment to

section 3041.5, which increased maximum deferral period of parole suitability hearings to five years did not violate the Ex Post Facto Clause because it simply altered the method of setting a parole release date and did not create a meaningful "risk of increasing the measure of punishment attached to the covered crimes"); Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir.1989) (not a violation of the Ex Post Facto Clause to apply section 3041.5(b)(2)(A) to prisoners sentenced to life imprisonment prior to the 1977 implementation of California's Determinate Sentence Law); see also Garner v. Jones, 529 U.S. 244, 249 (2000) (upholding Georgia's change in the frequency of parole hearings for prisoners serving life sentences, from three to eight years); Gilman v. Schwarzenegger, 638 F.3d 1101 (2011) (reversing the district court's order granting Plaintiff's motion for preliminary injunction because it was unlikely that plaintiffs would succeed on the merits of their Ex Post Facto Clause challenge to Marsy's law).  For these reasons, Petitioner's challenge to Proposition 9, "Marsy's Law," fails.  The petition must be dismissed.

## C.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **June 25, 2013**          **/s/ Gary S. Austin**
                          UNITED STATES MAGISTRATE JUDGE